# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WARREN FORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, JOHN S. DAVIS, JANIS C. GORDON, ELIZABETH M. HATHWAY, CANDISS LEIGH HOWARD, GARY SCOTT HULSEY, WILLIAM H. THOMAS, JR., RON GEER, AND OTHER UNKNOWN AGENTS,<br><br>　　　　Defendants. | 1:17-cv-375-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant United States of America's ("United States") Motion to Dismiss [6].

## I.　BACKGROUND

On September 1, 1992, Plaintiff Warren Ford ("Plaintiff") was convicted, in the Northern District of Georgia, "of various drug and firearm charges." (Compl. ¶ 2). On September 23, 1992, the trial court granted Plaintiff's motions for judgment of acquittal and a new trial. (Compl. ¶ 2). On October 29, 1992, following a second jury trial, Plaintiff was convicted of the same offenses for

which he was initially tried. (Compl. ¶ 3). Plaintiff was sentenced to 260 months imprisonment, followed by a period of supervised release. (Compl. ¶¶ 6-7). In January 2011, Plaintiff was released from prison. (Compl. ¶ 11).

On January 30, 2017, Plaintiff filed his *pro se* Complaint [1] against the United States and at least seven individual defendants ("Individual Defendants"), all of whom allegedly were "involved in or witness[es] to" Plaintiff's injuries. ([1.1] ¶ 13). Plaintiff seeks damages "for personal injuries arising from AUSA John S. Davis were [sic] grossly negligent and who investigated, caused [Plaintiff] to be retried" after his post-trial motions were granted. (Compl. at 1-2). Plaintiff asserts claims for false imprisonment, intentional infliction of emotional distress, and violations of the Fourth, Fifth, Eighth and Fourteenth Amendments. (Compl. at 2). Plaintiff purports to brings these claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). (Compl. at 1-2).

On June 8, 2017, the United States filed its Motion to Dismiss, arguing that Plaintiff's claims are barred by sovereign immunity and that the Court thus lacks subject matter jurisdiction over this action. Plaintiff did not file a response, and the United States' Motion to Dismiss is deemed unopposed. See LR 7.1(B), NDGa. The Individual Defendants have not entered appearances in this action.

2

## II. THE UNITED STATES' MOTION TO DISMISS

### A. Legal Standard

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and conferred by Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for lack of subject matter jurisdiction may be either a "facial" or "factual" attack. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). "'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not apply. Scarfo v. Ginsberg, 175 F.3d 957, 960-61

(11th Cir. 1999). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . . [T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Lawrence, 919 F.2d at 1529. The plaintiff has the burden to prove that jurisdiction exists. Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir. 2006).

B. Analysis

1. Plaintiff's FTCA Claims

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980); see Block v. N. Dakota, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). "If there is no specific waiver of sovereign immunity as to a particular claim, the district court lacks subject matter

jurisdiction over the suit."  Lichtenberg v. Sec'y of the Navy, 627 F. App'x 916, 917 (11th Cir. 2015).

The FTCA provides a "limited waiver" of sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)).  "This broad waiver of sovereign immunity is subject to a number of exceptions set forth in § 2680," including the "intentional tort exception," which "preserves the Government's immunity from suit for 'any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" Millbrook v. United States, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 2680(h)). The FTCA's general waiver of sovereign immunity applies, however, to claims based on the conduct of "investigative or law enforcement officers of the United States Government" where the claims arise out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h).

Plaintiff asserts a claim for "false imprisonment as an unlawful restraint on a person's liberty and freedom of movement in violation of 28 U.S.C. § 2680(h)." (Compl. at 2). "The United States has waived sovereign immunity for claims of [false imprisonment] only when the acts are committed by 'investigative or law enforcement officers of the United States Government.'" Zargari v. United States, 658 F. App'x 501, 508 (11th Cir. 2016) (quoting 28 U.S.C. § 2680(h)). An "investigative or law enforcement officer" is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

Plaintiff's false imprisonment claim, under the FTCA, is barred by sovereign immunity because Plaintiff has not shown that the individuals who caused his injuries are "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). Plaintiff does not describe any of the Individual Defendants other than Defendant John S. Davis, who apparently is an Assistant United States Attorney ("AUSA"). (Compl. at 2). Defendants Candiss Leigh Howard, Elizabeth M. Hathaway, Gary Scott Hulsey, Janis S. Gordon, and William H. Thomas, Jr., also appear to be AUSAs who

entered appearances in Plaintiff's criminal action. ([6] at 3-4).[1] "[P]rosecutors do not qualify as 'investigative or law enforcement officer[s]' within the meaning of 28 U.S.C. § 2680(h) as they are not empowered to execute searches, seize evidence, or make arrests." Bonilla v. United States, 652 F. App'x 885, 890 (11th Cir. 2016) (quoting 28 U.S.C. § 2680(h)). "Nor does the complaint allege that [the Individual Defendants or any other alleged wrongdoer] performed any of these functions. Accordingly, based on the allegations in this case, [the individuals who caused Plaintiff's injuries, including the Individual Defendants,] do[] not qualify as . . . 'investigative or law enforcement officer[s]" under the plain meaning of § 2680(h), and sovereign immunity precludes FTCA liability arising from [their] allegedly tortious conduct." Id. To the extent Plaintiff asserts constitutional tort claims under the FCTA, those claims also fail. See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); Hope v. Bureau of Prisons, 476 F. App'x 702, 705 (11th Cir. 2012) ("[C]onstitutional tort claims may not be brought under the FTCA."). Plaintiff's FTCA claims against the United States are dismissed.

---

[1] Most of these individuals are former AUSAs.

2. Plaintiff's Section 1983 and Bivens Claims

Plaintiff purports to assert several constitutional claims against the United States under 42 U.S.C. § 1983. "By its plain language," Section 1983 "does not authorize redress against the United States." Grace Bus., Inc. v. United States, No. 1:15-CV-2781-WSD, 2016 WL 8710409, at *8 n.8 (N.D. Ga. May 27, 2016); see Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) ("[S]ection 1983 does not contain an express waiver of sovereign immunity and thus does not provide a cause of action against the United States."); Brown v. United States, No. 508-cv-118, 2009 WL 2044684, at *4 (M.D. Fla. July 10, 2009) (same), aff'd, 439 F. App'x 772 (11th Cir. 2011). Plaintiff's Section 1983 claims against the United States are thus dismissed.

To the extent Plaintiff intends to assert Bivens claims against the United States, those claims also require dismissal because "Bivens authorizes suits against individual federal officials, not against the United States."[2] McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986); see Valencia v. Dep't of Interior, Washington, DC, No. 3:08-CV-69-WKW, 2008 WL 4495694, at *15

---

[2] In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages *against the official* in federal court despite the absence of any statute conferring such a right." Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006) (emphasis added).

(M.D. Ala. Oct. 7, 2008) ("[T]he United States is immune to suit for damages based on the Constitution under a Bivens' theory."); O'Ferrell v. United States, 968 F. Supp. 1519, 1542 (M.D. Ala. 1997), aff'd, 253 F.3d 1257 (11th Cir. 2001) ("While the FTCA allows certain state law tort claims to be asserted against the United States, there is no right of action against the United States for constitutional violations."); see also Gonzales-Corrales v. I.C.E., 522 F. App'x 619, 623 (11th Cir. 2013) (per curiam) ("[A] plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity.").

   3. Conclusion

Plaintiff's claims against the United States are barred by sovereign immunity. The United States' Motion to Dismiss is granted, and Plaintiff's claims against the United States are dismissed.

## III. PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

  A. Legal Standard

The Court *sua sponte* considers whether Plaintiff has adequately served process on the Individual Defendants in this case. Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve their complaint on each defendant within ninety (90) days after the complaint is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause" for insufficient service exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." Id. "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Id. at 1282.

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

10

Fed. R. Civ. P. 4(i)(3). Rule 4(e) provides than an individual in the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).[3]

"Georgia's law regarding service of process mirrors that of the federal rules." Ross v. Preston, No. 1:08-CV-1811-WSD, 2008 WL 11334499, at *2 (N.D. Ga. Oct. 29, 2008). Under Georgia law:

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then

---

[3] Rules 4(f) and 4(g) describe the methods of service required for individuals in a foreign country and "minor or incompetent" individuals. Nothing in the record suggests that the Individual Defendants are minor, incompetent, or outside of the United States.

11

> residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4(e)(7). "For service of process to be proper [on an alleged agent of the defendant], the agent so served must be an actual, and not simply an apparent, agent of the defendant." Ross, 2008 WL 11334499, at *3. "An agent thus is some person authorized to act for another arising when, expressly or impliedly, there has been a delegation with more or less discretionary power to act, to manage an affair, and to render an account." Id.

"Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brooksville, Fla., 273 Fed. App'x. 809, 811 (11th Cir. 2008); see Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). A litigant's *pro se* status does "not excuse mistakes he makes regarding procedural rules," including rules regarding service of process. Nelson v. Barden, 145 Fed. App'x. 303, 311 (11th Cir. 2005)

(explaining that the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); see Valiente v. Bank of Am., No. 1:16-CV-1553-WSD, 2017 WL 65245, at *1-2 (N.D. Ga. Jan. 6, 2017).

B.     Analysis

Plaintiff filed his Complaint on January 30, 2017. On June 9, 2017, the Court found "Plaintiff ha[d] not filed proof of service on any of the named defendants within the ninety-day period required by Rule 4(m)" of the Federal Rules of Civil Procedure. ([3] at 2). The Court ordered Plaintiff to "file, on or before June 30, 2017, proof that service was waived or effectuated on each defendant." ([3] at 2). The Court warned Plaintiff that, "[f]or each defendant that Plaintiff fails to meet the service requirement, the defendant shall be dismissed under Rule 4 of the Federal Rules of Civil Procedure." ([3] at 2). On June 28, 2017, Plaintiff filed "proof of service" documents, certifying that he "served the summons on Jeff Sessions, Attorney General of the United States, by certified mail." ([5] at 1). Plaintiff also stated that he "served the summons on

13

John A. Horn U.S. Attorney for the Northern District of GA, by certified mail."
([5] at 6). Plaintiff has not filed documents indicating that service was waived or effectuated on any other individual or entity.

Plaintiff has not shown that he adequately served process on the Individual Defendants, in violation of the Court's June 9, 2017, Order. To the extent Plaintiff asserts claims against the Individual Defendants in their official capacity, Plaintiff has not shown that he "sen[t] a copy of the summons and of the complaint by registered or certified mail to the . . . officer[s] or employee[s]." Fed. R. Civ. P. 4(i)(2). To the extent Plaintiff asserts claims against the Individual Defendants in their individual capacity, Plaintiff has not shown that he (1) "deliver[ed] a copy of the summons and of the complaint to the individual[s] personally," (2) "le[ft] a copy of each [document] at the individual[s'] dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "deliver[ed] a copy of each [document] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e); see O.C.G.A. § 9-11-4(e)(7). Plaintiff merely sent the summons to the Attorney General of the United States and the United States Attorney in the Northern District of Georgia. This does not constitute service of process on the Individual Defendants. This case has been pending for eight months and Plaintiff

14

has not offered any explanation for his failure to serve the Individual Defendants or sought an extension of time in which to perfect service. The Court previously warned Plaintiff that his failure to adequately serve each Defendant would result in dismissal. Plaintiff's claims against the Individual Defendants are dismissed without prejudice for insufficient service of process and for failure to comply with the Court's June 9, 2017, Order. See LR 41.3(A)(2), NDGa (permitting dismissal for failure to comply with a lawful order of the court); Ogidi-Gbegbaje v. J.B. Hunt Transport, Inc., No. 1:17-CV-9-WSD, 2017 WL 4385329, at *3 (N.D. Ga. Oct. 3, 2017) (dismissing an action for insufficient service of process because, although Plaintiff was previously notified that service was incomplete, "Plaintiff still has not adequately served process on Defendant, has not shown good cause for his failure to do so, has not submitted any evidence in opposition to Defendant's Motion to Dismiss, and has not sought an extension of time in which to serve Defendant").[4]

---

[4] Even if Plaintiff had adequately served the Individual Defendants, his claims against them are frivolous and require dismissal. To the extent Plaintiff seeks relief against the Individual Defendants in their official capacity, Plaintiff's claims fail for the same reason that his claims against the United States require dismissal. See, e.g., Gonzales-Corrales v. I.C.E., 522 F. App'x 619, 623 (11th Cir. 2013) (per curiam) ("[A] plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity."); Stark v. Holder, No. 3:14-CV-2920-B, 2014 WL 5013742, at *4 (N.D. Tex. Oct. 7, 2014) ("The FTCA shields

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss [6] is **GRANTED** and that Plaintiff's claims against Defendant United States of America are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants John S. Davis, Janis C. Gordon, Elizabeth M. Hathway, Candiss Leigh Howard, Gary Scott Hulsey, William H. Thomas, Jr., Ron Geer, and Other Unknown Agents, are **DISMISSED WITHOUT PREJUDICE**.

---

federal officers from official capacity suits because these types of suits are actually against the government."). To the extent Plaintiff seeks relief against the Individual Defendants in their individual capacity, these claims also fail because (1) the "[t]he United States is the only proper defendant in an FTCA action," Simpson v. Holder, 184 F. App'x 904, 908 (11th Cir. 2006); (2) Plaintiff's Section 1983 claims are not cognizable against federal officials, Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); (3) the Individual Defendants, as federal prosecutors, are "entitled to absolute immunity for all actions [they] take[] while performing [their] function as an advocate for the government," including "the[ir] initiation and pursuit of criminal prosecution" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002); and (4) Plaintiff's Bivens claims are time-barred because he was allegedly wrongfully prosecuted and convicted in 1992, sentenced in 1993, and released from prison in 2011, more than two years before he filed his Complaint, Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) ("[W]e hold that the district court's application of the Georgia two-year personal injury limitations period to the Bivens claims in this case was correct.").

**SO ORDERED** this 4th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE